**NATALIE K. WIGHT, OSB #035576**
United States Attorney
District of Oregon
natalie.wight@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902
Telephone: (503) 727-1000
Attorney for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:22-cr-00081-MO |
| v. | **GOVERNMENT'S SENTENCING MEMORANDUM** |
| **DENNIS DOYLE,** | |
| **Defendant.** | |

The United States submits the following sentencing memorandum for the Court's consideration. Defendant pled guilty to one count of possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2). The government recommends a prison sentence of 12-months and 1-day followed by a five-year term of supervised release. United States Probation joins in the recommendation. Defendant recommends a five-year term of probation, to include one year of home confinement. The final restitution amount will be presented to the Court prior to sentencing.

## FACTUAL BACKGROUND

The government concurs with the summary of facts in the Presentence Report (PSR) and recommends the Court use the fact summary as a basis for sentencing defendant.

In late January 2022, the Beaverton Police Department was notified by a local business that a USB thumb drive had been found containing possible child pornography. The business provided the thumb drive to law enforcement and it was determined the drive did in fact contain images of child pornography. Additionally, the thumb drive also contained personal photographs that appeared to belong to defendant Dennis Doyle, the former mayor of Beaverton, Oregon. Law enforcement officers determined that the images were downloaded onto the thumb drive between November 2014 and December 2015, while defendant was still serving as mayor. PSR ¶¶ 15-17.

Beaverton Police Department referred the case to the Federal Bureau of Investigation, and federal officers contacted defendant at his home in Beaverton. PSR ¶ 18. Defendant was truthful with the officers and admitted that the drive belonged to him and that he had personally downloaded child pornography from his home computer in Beaverton. PSR ¶¶ 19-20. Defendant told the officers that he used to look at child pornography online but he had not done so in a long time. After he readily agreed to a consent search of his digital devices, no further evidence of child pornography was located. Defendant immediately had his attorney contact the U.S. Attorney's Office to show early cooperation and acceptance of responsibility. He also voluntarily sought participation in counseling and treatment.

In March 2022, defendant waived indictment, and on October 11, 2022, he pled guilty to a one-count Information charging possession of child pornography, in violation of 18 U.S.C. § 2252A (a)(5)(B). The maximum penalty for a violation of 18 U.S.C. § 2252A(a)(5)(B) is 20 years of imprisonment, a fine up to $250,000, a term of supervised release from five years to life, and a mandatory fee assessment of $100.

## SENTENCING CONSIDERATIONS

### I.  Legal Standard

The Court must determine the applicable sentencing guideline range, allow the parties to "argue for a sentence they believe is appropriate," and "consider the § 3553(a) factors to decide if they support the sentence suggested by the parties." *United States v. Carty*, 520 F.3d 984, 991 (9th Cir. 2008). Other factors include avoiding unwarranted sentencing disparities and the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a)(6) and (a)(7).

### II.  Guidelines Application

#### A.  Guidelines Calculation Summary

| | |
|---|---:|
| Base Offense Level | 18 |
| Use of computer | +2 |
| Images of prepubescent minors | +2 |
| Between 300 - 600 images | +4 |
| Adjustment - Acceptance of Responsibility | -3 |
| | |
| Total Offense Level | 23 |
| Criminal History Category | I |
| **Adjusted Guidelines Range:** | **46-57 months** |

B.   **Sentencing Recommendation**

The government concurs with the guidelines computation of 46-57 months as calculated in the PSR, but the parties agree that a significant downward variance pursuant to 18 U.S.C. § 3553 is appropriate in this case. Defendant is a 74-year old male and the charged conduct is over seven years old, the case involves a lower number of images, defendant was immediately truthful with law enforcement, and there is no evidence of distribution or recent possession of child pornography. Defendant has shown a genuine willingness to take responsibility for his actions and the injury it has caused to the victims. Defendant has also successfully participated in counseling and treatment. The government considered these factors in the plea negotiations, and although Defendant's acceptance of responsibility has been truly extraordinary, this case involves a significant violation of trust by defendant while serving in a position of authority. Therefore, a prison sentence of 12 months and 1-day, with a five-year term of supervised release is appropriate. The U.S. Probation Office joins in the recommendation.

The recommended sentence is sufficient, but not greater than necessary, to comply with all the factors set forth in 18 U.S.C. § 3553(a), to include, *inter alia*, defendant's history and characteristics, the nature and seriousness of the offense, the need to provide just punishment and adequate deterrence, the need to promote respect for the law, and the need to protect the public from further crimes committed by the defendant. The recommended sentence will also avoid sentence disparities among defendants with similar records who have been found guilty of similar conduct.

//

## CONCLUSION

Therefore, the government recommends a sentence of 12 months and 1-day of imprisonment, followed by a five-year term of supervised release. The restitution amount will be provided to the Court prior to sentencing.

Dated this 18th day of January 2023.                    Respectfully submitted,

*/s/ Natalie K. Wight*
**NATALIE K. WIGHT, OSB #035576**
United States Attorney